

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO.  02-10-00057-CV

IN THE MATTER OF K.G.

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

This is a juvenile case in which the State alleged that Appellant K.G., a ten-year-old minor, engaged in one count of delinquent conduct.  An adjudication hearing was held before the trial court, and the trial court adjudged K.G. delinquent.  After a disposition hearing before the trial court, the trial court signed an order of no disposition on February 17, 2010.

---

[1]*See* Tex. R. App. P. 47.4.

In his first issue, K.G. contends that he is entitled to a new trial under rule of appellate procedure 34.6(f) because significant portions of the electronically recorded proceedings are inaudible through no fault of his own.[2]  *See* Tex. R. App. P. 34.6(f).  In an affidavit, the court reporter advised this court that the proceedings in this case were recorded electronically, that the audiotape was changed during the first witness's testimony, and that the replacement tape— spanning the rest of the first witness's testimony and the remainder of the proceedings—was "of such low volume that, although some sound could be heard, words and even speakers were not distinguishable."

Rule 34.6(f) of the rules of appellate procedure states:

Reporter's Record Lost or Destroyed.  An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

---

[2]In his second and third issues, K.G. argues that the evidence is legally and factually insufficient to support the adjudication.  In light of our disposition of K.G.'s first issue, we do not reach his second or third issue.  *See* Tex. R. App. P. 47.1.  Appellant does not seek rendition for legal insufficiency and concedes that this court cannot conduct a meaningful review of the sufficiency issues on the record before us.  The State agrees that K.G. does not seek any remedy in his second and third issues that is not already achieved by sustaining his first issue.

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f). In his brief, K.G. has established each of rule 34.6's requirements. Indeed, the State concedes error concerning K.G.'s first issue and agrees that K.G. is entitled to a new trial. We therefore sustain K.G.'s first issue, and we reverse the trial court's judgment and remand this case for a new trial.

PER CURIAM

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED: December 9, 2010